UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOOTS FLORES, | 1:11-CV-00190 SMS HC |
| Petitioner, | ORDER DISMISSING RESPONDENT'S MOTION TO DISMISS |
| | [Doc. 14] |
| v. | |
| | ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE |
| MICHAEL STAINER, Warden, | [Doc. 15] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Petitioner challenges his 2008 conviction in Fresno County Superior Court for corporal injury on a child resulting in a traumatic condition. Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District. The judgment was affirmed on February 10, 2010. He then filed a petition for review in the California Supreme Court. The petition was summarily denied on June 9, 2010.

On February 3, 2011, Petitioner filed the instant petition. On May 19, 2011, Respondent filed a motion to dismiss the petition as a mixed petition containing exhausted and unexhausted claims. On June 24, 2011, Petitioner filed an opposition to the motion to dismiss in which Petitioner

1  requested Respondent's motion be denied, or in the alternative, that a stay be granted.  Respondent
2  did not file a reply.

### DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

    A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the petition before the Court, Petitioner raises seven grounds for relief. Respondent concedes that all seven were raised before the California Supreme Court, along with the federal basis for each; however, Respondent argues that four of the grounds are unexhausted because Petitioner failed to present the federal basis for each of those four claims in the appellate court below. Respondent is correct.

In Ground One of his petition for review to the California Supreme Court, Petitioner alleged

1    the admission of his daughters' out-of-court statements as prior inconsistent statements rendered his
2    trial fundamentally unfair and violated the Due Process Clause of the Fifth and Fourteenth
3    Amendments to the Constitution.  Before the appellate court, however, he only presented the claim
4    on the basis of state evidentiary principles.  In Ground Three in his petition for review, he claimed
5    the admission of the 911 call as a spontaneous declaration rendered the trial fundamentally unfair
6    and violated the Fifth and Fourteenth Amendments to the Constitution.  The federal claim was not
7    presented on direct appeal to the Fifth DCA.  In Ground Four, he claimed that the medical expert
8    relied on inadmissible hearsay in violation of the Confrontation Clause of the Sixth Amendment.
9    The Sixth Amendment basis was not presented to the appellate court.  Finally, in Ground Seven,
10   Petitioner claims the trial court refused to dismiss a prior strike conviction in violation of the Due
11   Process Clause of the Fourteenth Amendment.  This claim was only presented to the appellate court
12   on the basis of a state law violation.

13         Therefore, the federal basis for the four claims referenced above were not presented in the
14   appellate court.  Respondent is correct that the claims are not exhausted.  See Baldwin v. Reese, 541
15   U.S. 27, 29 (2004) (petitioner must fairly present his claim "in each appropriate state court"); Casey
16   v. Moore, 386 F.3d 896, 918 (9th Cir.2004) (because petitioner "raised his federal constitutional
17   claims for the first and only time to the state's highest court on discretionary review, he did not fairly
18   present them").  The instant petition is a mixed petition containing exhausted and unexhausted
19   claims. Normally, the Court must dismiss a mixed petition without prejudice to give Petitioner an
20   opportunity to exhaust the claim if he can do so, or grant Petitioner an opportunity to withdraw the
21   unexhausted claims and go forward with the exhausted claims.  In his opposition, Petitioner has
22   requested a stay of the proceedings to allow him to return to state court to exhaust his state remedies.
23   C.  Motion for Stay

24         A district court has discretion to stay a mixed petition to allow a petitioner to return to state
25   court to present his unexhausted claims in the first instance. Rhines v. Weber, 544 U.S. 269, 275-277
26   (2005).  However, the Supreme Court held that this discretion is circumscribed by the Antiterrorism
27   and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's
28   objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate

when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the Court finds good cause to excuse Petitioner's failure to exhaust.  Petitioner states he was misinformed by appellate counsel that federalizing his claims in the California Supreme Court would preserve the claims for federal review.  In addition, it appears Petitioner has acted diligently in pursuing his remedies.  Therefore, the Court will grant a stay of the proceedings so Petitioner can complete exhaustion of the federal basis of the four noted claims.

However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at 277.  Petitioner must proceed diligently to pursue his state court remedies.  He must return to the state courts within thirty (30) days of the date of service of this Order and notify this Court of his action.  He must then file a status report every ninety (90) days thereafter, advising the Court of the status of the state court proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days to notify the court of completion of exhaustion by filing an amended petition. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order; this will include dismissing the petition or the unexhausted claims. Rhines, 544 U.S. at 278.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss the petition is DISMISSED;

2. Petitioner's motion to stay the petition and hold the exhausted claims in abeyance is GRANTED;

3. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

4. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this Order advising the Court of his state proceedings;

5. Petitioner is DIRECTED to file a status report every ninety (90) days thereafter advising this Court of his status in state court;

1        6. Petitioner is GRANTED thirty (30) days time following the final order of the state courts
2 in which to file an amended petition in this Court.

4 IT IS SO ORDERED.

5 **Dated:   August 3, 2011**                    **/s/ Sandra M. Snyder**
                                                               UNITED STATES MAGISTRATE JUDGE